# IN THE COURT OF APPEALS OF IOWA

————————————

No. 24-2052
Filed February 11, 2026

————————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Elgin Shabazz Richmond,**
Defendant–Appellant.

————————————

Appeal from the Iowa District Court for Cerro Gordo County,
The Honorable DeDra Schroeder, Judge.

————————————

**AFFIRMED**

————————————

Debra S. De Jong, Orange City, attorney for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney
General, attorneys for appellee.

————————————

Considered without oral argument
by Greer, P.J., Schumacher, J., and Bower, S.J.
Opinion by Bower, S.J.

**BOWER, Senior Judge.**

An argument ensued between Elgin Richmond and A.R. outside a Mason City liquor store, and Richmond pulled out a knife and stabbed A.R. in his neck and back. The State charged Richmond with willful injury resulting in serious injury. After a mistrial, Richmond entered an *Alford* plea[1] to willful injury causing bodily injury, a class "D" felony in violation of Iowa Code section 708.4(2) (2023). The district court sentenced him to prison, and he appeals, arguing the court abused its discretion.

"A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.'" *State v. Damme*, 944 N.W.2d 98, 105–06 (Iowa 2020) (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). Richmond "must overcome the presumption in favor of the sentence by affirmatively demonstrating the court relied on an improper factor or based its decision on clearly untenable grounds." *State v. Pirie*, 18 N.W.3d 238, 249 (Iowa 2025) (cleaned up).

> The factors that a district court must consider in fashioning a defendant's sentence include the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform. It must also consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing. Those goals are to provide maximum opportunity to rehabilitate the defendant and to protect the community.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (permitting a criminal defendant to enter a guilty plea without admitting guilt).

*Id.* (cleaned up).

Richmond claims the sentencing court failed to place enough weight on certain mitigating factors, including the following: A.R. used a racial slur, which "triggered" Richmond; Richmond had a newborn daughter, whom "he wanted to support and fight for"; Richmond "had turned things around in recent years, volunteering in multiple ways and serving his community"; an "open bed [was] available for Richmond at a sober living house where he would have goals and expectations, providing the maximum opportunity for rehabilitation while still providing protection to the community"; and finally, Richmond "had already served 407 days in jail, such that the goals of punishment and deterrence had been achieved."

However, all this information was before the court when it received arguments and sentencing recommendations from both sides, reviewed Richmond's sentencing hearing brief, heard testimony from witnesses, and considered the presentence investigation report and Richmond's criminal history. Ultimately, after "considering all of those different things," the court determined "the appropriate sentence in this case is for you to serve an indeterminate sentence not to exceed five years in prison." The court noted it was a "difficult" decision but pointed out Richmond had "a lengthy criminal history going back years that involves multiple alcohol and violent offenses." The court further observed despite Richmond's "good support systems" and "multiple interventions available to [him] since 2001," he had "been to prison five times." The court also considered Richmond's statement A.R. "is the one that caused this all."

Under these facts and circumstances, it was reasonable for the court to conclude that incarceration best served the sentencing goals of maximum rehabilitation and community protection, and the court provided sufficient

reasons for the sentence imposed. Finding no abuse of discretion, we affirm Richmond's sentence.

**AFFIRMED.**